RECEIVED
NOV 2 3 2004
U.S. DISTRICT COURT
DEPUTY CLERK

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED JAN - 4 2005
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

JUAN FERNANDEZ AND
MARIA FERNANDEZ, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE OF
VICTOR L. FERNANDEZ

CIVIL ACTION

NO. 03-458-B-M3

VERSUS

ATLAS CORPORATION

## THIRD AMENDED COMPLAINT

NOW BEFORE THE COURT, through undersigned counsel come the plaintiffs, Juan Fernandez and Maria Fernandez, individually and on behalf of the Estate of Victor Fernandez and pursuant to Federal Civil Procedure Rules, represent that:

1.

The plaintiffs reiterate and adopt by reference the allegations of their Complaint, First Amended Complaint and Second Amended Complaint as if repeated herein, *in extenso*.

2.

By adding paragraph XXII to read as follows:

Also made defendant herein is John Easterly, a resident of the full age of majority of Livingston Parish, State of Louisiana.

3.

By adding paragraph XXIII to read as follows:

Also made defendant herein is H. Allen Thomason, Jr., a resident of the full age of majority of Livingston Parish, State of Louisiana.

4.

By adding paragraph XXIV to read as follows:

The plaintiffs show that defendant, John Easterly, and defendant, H. Allen Thomason, Jr., at relevant times herein were the successive sole shareholders of defendant, Atlas Corporation.

5.

By adding paragraph XXV to read as follows:





The identified defendants, John Easterly and H. Allen Thomason, Jr., have disregarded corporate formalities (including the transfer of shares and/or licenses) to such an extent that Easterly, Thomason, Jr. and Atlas Corporation have become indistinguishable, i.e., alter egos.

6.

By adding paragraph XXVI to read as follows:

Also made defendant herein is H. Allen Thomason, Sr., a resident of the full age of majority of Livingston Parish, State of Louisiana.

7.

By adding paragraph XXVII to read as follows:

Also made defendant herein is Saun Sullivan, a resident of the full age of majority of Livingston, State of Louisiana.

8.

By adding paragraph XXVIII to read as follows:

Upon information and belief defendants, Saun Sullivan and H. Allen Thomason, Sr., are the sole shareholders of South Point Development, Inc.

9.

By adding paragraph XXIX to read as follows:

Upon information and belief, defendants, Sullivan and Thomason, Sr., have disregard corporate formalities in the operation of South Point Development, Inc. to such an extent that the identified shareholders are indistinguishable from the corporation, i.e., alter egos.

10.

By adding paragraph XXX to read as follows:

Defendants, Atlas Corporation, South Point Development, Inc., John Easterly, H. Allen Thomason, Jr., H. Allen Thomason, Sr., and Saun Sullivan operated Atlas Corporation and South Point Development, Inc. as a single business enterprise in that the entities shared employees, licenses and/or profits.

11.

By adding paragraph XXXI to read as follows:

Defendants, Atlas Corporation, John Easterly, H. Allen Thomason, Sr., H. Allen Thomason, Jr., Saun Sullivan, South Point Development, Inc., failed to maintain a

reasonably safe work site at the subdivision development proximately causing Victor Fernandez's death, including:

   A. Creating hazardous conditions in the fulfillment of its contractual obligations;
   B. Utilizing inadequate trenching procedure plans;
   C. Unsafe design plans;
   D. Inadequate supervisor; and
   E. Providing inadequate first aid relief at the development site.

12.

By adding paragraph XXI to read as follows:

Defendants, Atlas Corporation, John Easterly, H. Allen Thomason, Sr., H. Allen Thomason, Jr., Saun Sullivan, South Point Development, Inc., are liable to the plaintiffs for the damages enumerated in their original complaints, first and second amended.

WHEREFORE, the petitioner prays that the defendants, Atlas Corporation, John Easterly, H. Allen Thomason, Sr., H. Allen Thomason, Jr., Saun Sullivan, South Point Development, Inc., be served with a copy of this petition and cited to appear and answer same, and after all due proceedings had, there be judgment herein as follows:

1. There be judgment against the defendants, Atlas Corporation, John Easterly, H. Allen Thomason, Sr., H. Allen Thomason, Jr., Saun Sullivan, South Point Development, Inc., in the full and true sum as is reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for all costs;

2. For all general and equitable relief that can be afforded to the petitioner by this Honorable Court, pursuant to the laws of the State of Louisiana.

By Attorney:

_____
**ANDRE' P. LaPLACE**
2762 Continental Drive, Suite 103
Baton Rouge, Louisiana 70808
Telephone No.: (225) 924-6898
Bar Roll Number: 8039

## **CERTIFICATE**

    I hereby certify that a copy of the above and foregoing has this day been mailed, postage prepaid, to all counsel of record via U.S. mail Baton Rouge, Louisiana, this 23 day of Nov, 2004.

_____
**ANDRE' P. LaPLACE**